IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DOROTHY CLARK, Individually      )
and on behalf of all others      )
similarly situated,              )
                                 )
            Plaintiff,           )
                                 )
      v.                         )      1:16cv1413
                                 )
LASHONDA S. WILLIAMSON d/b/a      )
Impact Home Care Services,       )
                                 )
            Defendant.           )
                                 )

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

      This is a proposed collective action under the Fair Labor
Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Before the court
is Plaintiff Dorothy Clark's motion for conditional certification
of an FLSA collective and approval of notice. (Doc. 16.) This
motion has been briefed and is ripe for consideration. (Docs. 17,
31, 32.) For the reasons set forth below, the motion to
conditionally certify the collective action will be granted, and
the motion for approval of notice will be granted in part and
denied in part.

## I.   BACKGROUND

      On December 16, 2016, Clark brought this action on behalf of
herself and others similarly situated, alleging that Defendant
LaShonda S. Williamson d/b/a Impact Home Care Services

("Williamson") misclassified home healthcare workers as independent contractors and seeking to recover unpaid overtime under the FLSA. (Doc. 1; Doc. 13.)[1] On March 7, 2017, Clark subsequently moved to conditionally certify this matter as a collective action under the FLSA and approve notice to potential class members. (Doc. 16.) Clark defines the class, or collective under the FLSA, to be certified as:

> All current and former home healthcare workers (personal care aides, certified nursing assistants and in-home aides) who worked for LaShonda Swindell Williamson d/b/a Impact Home Care Services at any time since January 1, 2015 and who were classified as an independent contractor and who were not paid time and a half for all hours worked over 40 in a work week.

(Doc. 16-1 at 2.)

Williamson operates an unincorporated business named Impact Home Care Services, which is a North Carolina-based home care agency that provides personal care services and assistance with home management tasks to elderly, ill, and disabled clients. (Doc. 26 ¶ 9; Doc. 16-2 at 2-3.) Williamson offers personal care assistance 24 hours a day, 7 days a week, with services provided by home healthcare workers under the direct supervision of a registered nurse. (Doc. 16-2 at 2; Doc. 16-3 at 2.) In order to meet the needs of her clients, Williamson provides at least some

---

[1] Clark originally brought this action against Impact Home Care Services, Inc. (Doc. 1) but subsequently filed an amended complaint on March 1, 2017, substituting Defendant "LaShonda S. Williamson d/b/a Impact Home Care Services" in the place of "Impact Home Care Services, Inc.," (Doc. 13).

of these home healthcare services to her clients through a "network of independent contractors." (Doc. 26 ¶ 75; see id. Ex. 1.) On April 7, 2015, Clark entered into an agreement to work as an independent contractor to provide in-home companionship and care for Williamson's clients. (Doc. 27 ¶ 7; Doc. 26, Ex. 1; Doc. 16-4 ¶¶ 4-6.)

Clark claims that Williamson "attempted to circumvent the FLSA by misclassifying [her] home healthcare workers as independent contractors." (Doc. 16-1 at 9.) In her declaration submitted in conjunction with this motion, Clark alleges that "all home healthcare workers were subject to this company-wide policy of classifying home healthcare workers as independent contractors and not paying them overtime wages." (Doc. 16-4 ¶ 25.) Based on her discussions with other home healthcare workers, Clark claims that all home healthcare workers shared the same or similar job description, performed the same or similar duties, and were classified as independent contractors. (Id. ¶¶ 7-9, 25.) She further alleges that all such workers were required to fulfil the responsibilities outlined in plans of care prepared by the Defendant and lacked any independent discretion as to how their duties were performed. (Doc. 16-4 ¶¶ 10-14.) She claims that registered nurses monitored the completion of such care plans and that all supervisors were directly employed by the Defendant. (Doc. 16-1 at 5-6; see Doc. 16-3 at 2.) She asserts that all home

healthcare employees were required to wear company badges and instructed to adhere to a dress code by their supervisors. (Doc. 16-4 ¶¶ 19-20; Doc. 16-11 at 2.)

Clark alleges that she worked for Williamson as a home healthcare worker or certified nursing assistant from early 2015 until approximately October 2016. (Doc. 16-4 ¶¶ 2-3; Doc. 16-10 at 2.) She claims that she regularly worked over forty hours per week but was never paid overtime wages in excess of her $11.00 hourly rate. (Doc. 16-4 ¶¶ 18, 21-22; see Doc. 13 ¶¶ 37-38.) She has provided time sheets and pay stubs that indicate she worked in excess of ninety hours per week on some occasions without being paid overtime wages. (Doc. 16-5 (pay stubs indicating weekly compensation for work totaling 92.75 hours, 92.0 hours, 89.75 hours, and 89.25 hours at a rate equal to $11.00 per hour); Doc. 16-6 at 2; Doc. 16-7 at 2 (time sheet indicating a weekly total 91.5 hours).) Based on her discussions with other home healthcare workers, knowledge of their work schedules, and conversations with her supervisors, Clark contends that other home healthcare workers worked over forty hours per week since January 1, 2015, and were not paid overtime wages. (Doc. 16-4 ¶¶ 23-24; see Doc. 13 ¶ 37.)

## II. ANALYSIS

### A. Motion for Conditional Certification

The FLSA requires covered employers to pay their employees overtime pay at one and one-half times the employee's normal hourly

rate for hours worked in excess of forty during a work week. 29 U.S.C. § 207. However, the act contains various exemptions from its wage and hour requirements. See id. § 213. The "companionship services exemption" exempts "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves . . . ." Id. § 213(a)(15).

In October 2013, the U.S. Department of Labor amended its regulations to preclude third-party employers and agencies from claiming the companionship services exemption. See Application of the Fair Labor Standards Act to Domestic Service, 78 Fed. Reg. 60,454 (Oct. 1, 2013). The amended regulations, which became effective on January 1, 2015,[2] extended the overtime payment provisions to home healthcare workers employed by third parties or agencies. 29 C.F.R. § 552.109(a); see Guerrero v. Moral Home Servs., Inc., 247 F. Supp. 3d 1288, 1290 (S.D. Fla. 2017) (noting "[t]he amended regulations preclude third-party employers—like

---

[2] The parties have not raised the issue of the effective date of the regulation in their briefs. The majority of courts appear to have found January 1, 2015, to be the effective date of the regulation. Mayhew v. Loved Ones in Home Care, LLC, No. 2:17-CV-03844, 2017 WL 5983153, at *6 (S.D.W. Va. Dec. 1, 2017) (noting split among district courts regarding the effective date of the amended regulations, but holding that "[t]he court finds persuasive the 'overwhelming majority of well-reasoned opinions' endorsing the [January 1, 2015] date" (quoting Hypolite v. Health Care Servs. of New York Inc., No. 16-CV-04922, 2017 WL 2712947, at *4 (S.D.N.Y. June 23, 2017)); Guerrero v. Moral Home Servs., Inc., 247 F. Supp. 3d 1288, 1292 (S.D. Fla. 2017) (same).

[defendant's home healthcare agency]—from claiming the companionship services exemption").

For any violation of the FLSA, an employee may bring a collective action on behalf of herself or "other employees similarly situated." 29 U.S.C. § 216(b). To become part of the litigation, each "similarly situated" employee must file her written consent with the court. Id. Employees are "similarly situated" when they "raise a similar legal issue as to coverage, exemption, or nonpayment o[f] minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions." Solais v. Vesuvio's II Pizza & Grill, Inc., 1:15CV227, 2016 WL 1057038, at *5 (M.D.N.C. Mar. 14, 2016) (quoting McLaurin v. Prestage Foods, Inc., 271 F.R.D. 465, 469 (E.D.N.C. 2010)) (alteration in original).

FLSA class certification takes place in two stages. Hollis v. Alston Pers. Care Servs., LLC, No. 1:16CV1447, 2017 WL 3327591, at *2 (M.D.N.C. Aug. 3, 2017) (citing Solais, 2016 WL 1057038, at *5).[3] The first stage – applicable here – is conditional certification, during which the court determines whether the

---

[3] "The second stage, known as decertification, only occurs if a defendant, usually after discovery is virtually complete, moves to decertify a conditionally certified class." Hollis, 2017 WL 3327591, at *2 (quoting Solais, 2016 WL 1057038, at *6 n.7). It is at this second stage, where a deeper inquiry into the merits is conducted, similar to a Rule 23 certification. See Solais, 2016 WL 1057038, at *6 n.7 (noting "courts apply a heightened fact specific standard to the 'similarly situated' analysis" (citation omitted)). This second stage is not at issue here.

employees' claims are similar enough to merit the distribution of court-approved notice to possible class members. Id.; see also Hoffmann–La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989) ("[D]istrict courts have discretion, in appropriate cases, to implement [§ 216(b)] by facilitating notice to potential plaintiffs."). At this stage, "[c]ollective action plaintiffs are not bound by Rule 23's requirements of numerosity, commonality, typicality and adequacy; they need only demonstrate that they are 'similarly situated' to proceed as a class." Robinson v. Empire Equity Grp., Inc., No. WDQ-09-1603, 2009 WL 4018560, at *1 n.8 (D. Md. Nov. 18, 2009) (citing Mancia v. Mayflower Textile Servs. Co., No. CCB-08-273, 2008 WL 4735344, at *2 (D. Md. Oct. 14, 2008)); Solais, 2016 WL 1057038, at *5 n.6.

Conditional certification is appropriate when it would serve judicial efficiency, Hoffmann–La Roche, 493 U.S. at 170, and the court must be mindful that granting conditional certification expands the scope of the litigation and begins a process of class-wide discovery, see, e.g., D'Anna v. M/A-COM, Inc., 903 F. Supp. 889, 894 (D. Md. 1995). The standard for conditional certification is "fairly lenient," but it is not a "rubber-stamp approach." Adams v. Citicorp Credit Servs., Inc., 93 F. Supp. 3d 441, 453 (M.D.N.C. 2015) (citation omitted). While parties generally "have minimal evidence at this point in the proceedings[,] . . . [m]ere allegations will not suffice; some factual evidence is necessary."

Id. (citations omitted).    The plaintiff must only make "a
relatively modest factual showing that a common policy, scheme or
plan that violated the law exists."    Hollis v. Alston Pers. Care
Servs., LLC, No. 1:16CV1447, 2017 WL 3327591, at *3 (M.D.N.C. Aug.
3, 2017) (quoting Adams, 93 F. Supp. 3d at 453).    At this stage,
"the Court does not resolve factual disputes, decide substantive
issues on the merits, or make credibility determinations."    Solais,
2016 WL 1057038, at *6 (quoting Adams, 93 F. Supp. 3d at 454).

        Williamson first contends that Clark has failed to allege any
violation occurring as a result of a policy or custom. (Doc. 31 at
3-4.)    In particular, Williamson notes that Clark provides no
information regarding the potential size of the class she wishes
to be certified.    (Id.)[4]  Williamson further contends that Clark
relies primarily on hearsay statements from other employees, which
may not be considered by the court in connection with a § 216(b)
motion.    (Id. at 4 (citing Harrison v. McDonald's Corp., 411 F.
Supp. 2d 862, 865 (S.D. Ohio 2005)).

        Clark contends that she has satisfied her "lenient burden" by

---

[4] Williamson similarly argues that Clark has failed to allege sufficient
numerosity to support creating a collective class.    (Doc. 31 at 4.)
Williamson relies on the fact that FLSA claims are generally subject to
a two-year statute of limitations and the number of similarly-situated
employees may be limited in this instance.    (Doc. 31 at 4.)    However,
as Clark correctly notes (Doc. 32 at 3), conditional certification under
the FLSA is not subject to a numerosity requirement.    Robinson, 2009 WL
4018560, at *1 n.8.    Furthermore, as discussed later in this opinion,
the court will apply a three-year statute of limitations for purposes
of conditionally certifying the proposed class.    See infra n.6.

identifying a specific payroll practice that allegedly violates the FLSA and applies to all home healthcare workers employed by the Defendant. (Doc. 32 at 1-3.) She claims that her declaration and supporting documentation establish that these home healthcare workers are similarly situated for purposes of conditional certification. (Id.) She further argues that courts may consider the hearsay statements within her declaration at this stage in the proceedings. (Id. at 3-7.)

Contrary to Williamson's claim, "courts in the Fourth Circuit that have addressed the issue have held that hearsay evidence . . . supporting a motion for conditional certification may be considered so long as it is based on personal knowledge." Hollis, 2017 WL 3327591, at *2 (quoting McCoy v. RP, Inc., C.A. No. 2:14-CV-3171-PMD, 2015 WL 6157306, at *3 (D.S.C. Oct. 19, 2015)). Here, Clark's declaration includes facts that constitute hearsay. (Doc. 16-4 ¶ 7 ("I know, from talking to other home healthcare workers, that Impact classified its home healthcare workers as independent contractors."), ¶ 16 (relying in part on statements from other home healthcare workers), ¶ 23 (same)). The court finds that it may consider such evidence that may be otherwise considered hearsay because Clark's source of the relevant information is her own personal knowledge of the alleged statements of other employees. See Hollis, 2017 WL 3327591, at *2.

As to the merits of Clark's motion for conditional

certification, Clark has sufficiently alleged that she and other home healthcare workers have been denied overtime pay pursuant to a common policy of misclassifying home healthcare workers as independent contractors to support conditional certification. Clark has submitted a declaration in which she states that she and other home healthcare nurses held similar positions, were uniformly classified as independent contractors, and were required to follow the directives in the assigned plans of care and company policies with no independent discretion as to how they performed their duties. (Doc. 16-4 ¶¶ 7-15, 25.) She further alleges that she and other home healthcare workers routinely worked over 40 hours per week and were not compensated for overtime. (Doc. 16-4 ¶¶ 18, 21-25.) Apart from challenging Clark's failure to quantify the number of potential class members, Williamson does not directly dispute Clark's allegations that home healthcare workers were uniformly classified as independent contractors or subject to similar policies and responsibilities. (See Doc. 31 at 3-5.) Any claim that Clark failed to allege a sufficient number of similarly-situated workers is further undermined by Williamson's own admission within her counterclaim that she relies on a "network of independent contractors," including home healthcare workers like Clark, to meet the needs of her patients. (Doc. 26 ¶¶ 75-76.) The court finds that conditional certification is appropriate because Clark has satisfied the lenient standard that she and other

potential opt-in plaintiffs were victims of a common policy or plan. See Ferebee v. Excel Staffing Serv., Inc., No. 2:16-CV-8-BO, 2017 WL 1416533, at *3 (E.D.N.C. Apr. 19, 2017) ("[T]he Court is persuaded by the authority from this circuit which has found that workers who have been allegedly misclassified as independent contractors pursuant to a uniform policy are similarly situated for the purposes of this initial stage of inquiry." (collecting cases)); Houston v. URS Corp., 591 F. Supp. 2d 827, 834 (E.D. Va. 2008) (holding that "Plaintiffs have sufficiently alleged a 'common policy or plan' in that all inspectors were classified as independent contractors rather than employees" to support conditional class certification) (citing Lee v. ABC Carpet & Home, 236 F.R.D. 193, 198 (S.D.N.Y. 2006)).[5]

---

[5] As one district court within this circuit recently noted, a conditional class certification in a misclassification case "presents something of an anomaly in applying the two-step certification procedure." Rosinbaum v. Flowers Foods, Inc., 238 F. Supp. 3d 738, 744 (E.D.N.C. 2017). Courts are divided as to whether the consideration of the plaintiff's FLSA status is appropriate at the notice stage of the proceedings. Compare McCurley v. Flowers Foods, Inc., No. 5:16-CV-00194-JMC, 2016 WL 6155740, at *5 n.5 (D.S.C. Oct. 24, 2016) (finding the consideration of whether proposed class members may qualify as employees was inappropriate at the notice stage of the proceedings in misclassification case), with Rosinbaum, 238 F. Supp. 3d at 744 (approving conditional class certification in misclassification case after finding that plaintiffs made "a showing of substantial evidence that members of the proposed class may qualify as employees under the FLSA"). While Williamson has denied that Clark or any other similarly-situated persons were employees entitled to overtime pay under the FLSA (Doc. 26 ¶¶ 9, 23, 38), she does not challenge the conditional certification based on these grounds. To the extent that any threshold showing is required at this stage in the proceedings, the court finds that Clark has presented sufficient evidence to demonstrate that the members of the proposed class may qualify as employees under the FLSA. In her declaration, Clark set forth substantial evidence that Williamson exerted strict control over the

Therefore, the court conditionally certifies the FLSA collective proposed by Clark and defines the class as follows:

All current and former home healthcare workers (personal care aides, certified nursing assistants and in-home aides) who worked for LaShonda Swindell Williamson d/b/a Impact Home Care Services at any time since January 1, 2015 and who were classified as an independent contractor and who were not paid time and a half for all hours worked over 40 in a work week.[6]

---

activities of the proposed class members such that they may qualify as employees under the FLSA. See Rosinbaum, 238 F. Supp. 3d at 744-45 (finding that allegations made in plaintiffs' declarations regarding the defendant's control over plaintiffs' workflow and duties was sufficient to support conditional class certification (citing Schultz v. Capital Intern. Sec., Inc., 466 F.3d 298, 304 (4th Cir. 2006))).

[6] Under the FLSA, the statute of limitations is two years, which may be extended to three years where the defendant willfully violated the act. 29 U.S.C. § 255(a). The statute of limitations continues to run as to each employee until that employee commences an action or opts in. Id. §§ 255(a), 256. Given that Clark alleges willful violations of the FLSA in her complaint (Doc. 13 ¶ 58), the court finds that the three-year statute of limitations should apply for purposes of conditional certification. See Valerio v. RNC Indus., LLC, 314 F.R.D. 61, 73-74 (E.D.N.Y. 2016) ("At the conditional certification stage, allegations of willful conduct are sufficient to apply the three-year statute of limitations for purposes of certifying the class." (quoting Jie Zhang v. Wen Mei, Inc., No. 14-CV-1647, 2015 WL 6442545, at *5 (E.D.N.Y. Oct. 23, 2015)). Accordingly, notice should generally be directed to those employed within three years of the date of the mailing of the notice. See 29 U.S.C. § 255; Winfield v. Citibank, N.A., 843 F. Supp. 2d 397, 410 (S.D.N.Y. 2012). However, the court finds it appropriate to direct notices to all home healthcare workers employed at any time since January 1, 2015, without prejudice to the Defendant's right to challenge the timeliness of individual Plaintiffs' claims in the future. See Winfield, 843 F. Supp. 2d at 410 ("[B]ecause equitable tolling issues often arise for prospective plaintiffs, courts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, 'with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date.'" (quoting Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011)); Houston, 591 F. Supp. 2d at 835 ("[J]udicial economy is served by conditionally certifying and providing notice to a larger rather than a small class.").

## B.    Notice to Potential Class Members

Clark requests that the court order Williamson to produce identifying information regarding the putative class members and authorize certain forms of notice to collective members. (Doc. 16-1 at 20-21.) Clark requests an expedited production of identifying information to facilitate notice and has proposed a set of deadlines for the production of such information and notice to collective members. (Id. at 18.) Williamson argues that court-supervised notice is not warranted because Clark "speaks freely with the other employees of the Defendant," as evidenced by her declaration, and that all home healthcare workers are registered with the North Carolina Department of Health and Human Services. (Doc. 31 at 5.) However, Williamson does not raise any specific objection to the content of the proposed notices, the type of proposed notice, or the information regarding members of the collected class requested by Clark.

Clark contends that Williamson's arguments ignore "the remedial nature of the Act which promotes early participation in the litigation to protect workers' claims and avoid duplicative litigation." (Doc. 32 at 7.) Clark claims that home healthcare workers often live paycheck to paycheck and contact information "often change[s] due [to] an inability to pay rent and phone bills if work is interrupted." (Doc. 16-1 at 11.) Clark further notes

that the requested information is "routinely ordered to be produced in FLSA collective actions." (Doc. 32 at 7-8 (collecting cases).)

"The FLSA 'manifests a preference that when collective action certification is granted, a court-controlled notice be provided to potential putative plaintiffs, rather than permitting unregulated solicitation efforts to secure joinder by those individuals.'" Adams, 93 F. Supp. 3d at 456 (quoting Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F. Supp. 2d 200, 210 (N.D.N.Y. 2009)). Accordingly, the court has a "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." Id. (quoting Hoffmann–La Roche, 493 U.S. at 170-71)). Time is of the essence for putative class members to join the litigation because the statute of limitations continues to run until opt-in plaintiffs file their written consent. See 29 U.S.C. §§ 255, 256.

Given the limited information available to the Clark and the time constraints for potential class members to opt-in to the litigation, the court finds that court-supervised notice is appropriate in this instance. See Adams, 93 F. Supp. 3d at 456; Velasquez-Monterrosa v. Mi Casita Restaurants, No. 5:14-CV-448-BO, 2016 WL 1703351, at *3 (E.D.N.C. Apr. 27, 2016). Subject to the limitations outlined below, the court finds Clark's requested relief appropriate.

## 1. Discovery of Identifying Information

In order to facilitate notice, Clark requests that the court order Williamson to provide names, last known home addresses, email address, telephone numbers, and any employee number or unique identifier of the collective members in an electronic format within seven days of the entry of the court's order. (Doc. 16-1 at 11-12.) For anyone whose notice is returned undeliverable, Clark requests that Williamson provide the individual's date of birth, last four digits of his or her social security number, and telephone number (if not initially provided) in an electronic format for the purpose of locating a current address. (Id. at 12-13.) Finally, Clark requests permission to call any individual whose notice is returned undeliverable, solely for the purpose of obtaining a current address for re-mailing the notice. (Id. at 13.) Williamson has not addressed these specific requests.

Courts have discretion to permit limited discovery to facilitate notice in FLSA collective actions. See Lee, 236 F.R.D. at 201 (collecting cases). While courts have routinely approved requests for home addresses and email addresses, courts have been more reluctant to authorize the disclosure of other private information, such as dates of birth, social security numbers, and telephone numbers. See e.g., Hart v. Barbeque Integrated, Inc., No. 2:17-CV-227-PMD, 2017 WL 4812591, at *7 (D.S.C. Oct. 25, 2017) ("Although email addresses are more routinely disclosed, district

courts in this circuit have required a showing of a 'special need' before requiring the disclosure of telephone numbers."); Byard v. Verizon W. Virginia, Inc., 287 F.R.D. 365, 376 (N.D.W. Va. 2012) ("This Court has previously held that the plaintiffs must establish[] a need for this type of information before it may be turned over." (internal quotations and citation omitted)); Valerio v. RNC Indus., LLC, 314 F.R.D. 61, 75 (E.D.N.Y. 2016) ("Courts are reluctant, however, to authorize disclosure of private information, such as dates of birth and social security numbers in the first instance and without a showing that the information is necessary for the plaintiff to notify potential opt-ins of the collective action." (collecting cases)).[7]

Accordingly, the court directs Williamson to produce to Clark

---

[7] In the subsequently decided authority Clark provided for the court's consideration (Docs. 21, 33), district courts were divided over whether it was appropriate to produce such information under factually similar circumstances. Compare Adams v. United Cerebral Palsy of Cent. Arkansas, Inc., No. 4:16CV00930 JLH, 2017 WL 5659822, at *2 (E.D. Ark. Apr. 27, 2017) (granting request for names, addresses and email addresses of potential class members comprised of home healthcare workers, but denying request to provide dates of birth, telephone numbers, and partial social security numbers of anyone whose notice is returned as undeliverable); Evans v. Caregivers, Inc., No. 3:17-CV-0402, 2017 WL 2212977, at *7 (M.D. Tenn. May 19, 2017) (approving request for the names, last known mailing addresses, and email addresses of putative class members comprised of home healthcare workers, but denying request that defendant provide additional identifying information, including telephone numbers, even where defendant failed to file a response to plaintiff's motion), with Mayfield-Dillard v. Direct Home Health Care, Inc., No. CV 16-3489 (RHK/TNL), 2017 WL 945087, at *3 (D. Minn. Mar. 10, 2017) (granting request for dates of birth, telephone numbers, and partial social security numbers of putative class members whose notice is returned as undeliverable, noting that "[t]his type of information is routinely produced in FLSA cases").

16

the names, last known home addresses, email addresses, and employee number or unique identifier of the putative class members. <u>See</u> <u>Michael v. Bloomberg L.P.</u>, No. 14-CV-2657 TPG, 2015 WL 1810157, at *4 (S.D.N.Y. Apr. 17, 2015) (directing defendant to produce names, dates of employment, last known addresses, employee numbers, and email addresses of all potential plaintiffs in FLSA collective action). However, the court denies Clark's motion for the production of telephone numbers for all collective members in the first instance. <u>See</u> <u>Houston</u>, 591 F. Supp. 2d at 836 & n.9 (denying initial request for telephone numbers of putative class members, but authorizing plaintiff to obtain telephone numbers for individuals whose notice is returned undeliverable).

While the court is mindful of the privacy concerns of the potential plaintiffs, the court finds that the disclosure of telephone numbers, dates of birth, and partial social security numbers is appropriate in this case, but only for those members whose initial notice is returned undeliverable and only if it is used solely for the purpose of locating the individual's current address. Here, Clark contends that the production of such information is warranted because the contact information of the putative class members may often change due to their socio-economic status. (Doc. 16-1 at 11.) In addition, Williamson has not specifically objected to the production of such information. The production of such information is particularly warranted in this

case where time is of the essence in reaching potential opt-in plaintiffs. Therefore, the court grants Clark's request for Williamson to produce telephone numbers, dates of birth, and partial social security numbers for any individual whose notice is returned undeliverable, provided that such information be used for the limited purpose of locating the current address of those individuals. See Houston, 591 F. Supp. 2d at 836 & n.9; Byard, 287 F.R.D. at 376 (recognizing the "substantial privacy concerns" associated with the disclosure of collective class members' partial social security numbers, but approving the limited disclosure of such information for individuals whose initial notice was returned undeliverable).

To protect the privacy interests of the potential class members, the court will order that the parties maintain confidentiality over the putative class members' contact information, requiring that Williamson produce such information to Plaintiff's counsel only and that Plaintiff's counsel only use such information in connection with this litigation as permitted in this memorandum order and opinion. Plaintiff's counsel shall not disclose any of the personal information obtained to Plaintiff. See, e.g., Earl v. Norfolk State Univ., No. 2:13CV148, 2014 WL 6608769, at *8 (E.D. Va. Nov. 18, 2014); Russell v. Illinois Bell Tel. Co., 575 F. Supp. 2d 930, 939-40 (N.D. Ill. 2008).

## 2. Form of Notice to Potential Class Members

Clark requests that the court authorize the following forms of notice: (1) initial notice by mail to the collective members' last known addresses, with permission to re-mail the notice if it is returned undeliverable; (2) initial notice by email to collective members for whom Williamson can provide personal email addresses; (3) reminder postcard to collective members who have not responded after the mailing of the initial notice, which would be sent thirty days prior to the expiration date of the opt-in period; (4) scripted reminder calls, following the language of the proposed postcard, made shortly before the end of the opt-in period to collective members who have not responded after the initial mailing of the notice. (Doc. 16-1 at 14, 20-21.) Clark has attached proposed forms of notice to her motion for the court's consideration. (Doc. 16-12 (proposed mailing); Doc. 16-13 (proposed email); Doc. 16-14 (proposed reminder postcard)). Clark also requests that the court authorize the proposed notice and reminder postcard to be translated to Spanish for distribution in Spanish and English to collective members with Hispanic surnames. (Doc. 16-1 at 14.) In addition, Clark requests that the court order Williamson to post the notice on the employee notice board or alternatively in a prominent location in the employer's offices where collective members can see it within fourteen days of the entry of the court's order. (Id.) While Williamson contests the

grounds for court-supervised notice, she does not address the sufficiency of these proposed forms of notice in her brief.

"Courts have discretion to facilitate notice to potential plaintiffs in appropriate cases." Hollis, 2017 WL 3327591, at *4 (M.D.N.C. Aug. 3, 2017) (quoting Beasley v. Custom Commc'ns, Inc., No. 5:15-CV-583-F, 2016 WL 5468255, at *6 (E.D.N.C. Sept. 28, 2016)). In exercising their discretion to facilitate notice of a collective action under the FLSA, district courts routinely approve initial notice to potential plaintiffs by regular mail, email, and posting at the defendant's workplace. See, e.g., Evans v. Caregivers, Inc., No. 3:17-CV-0402, 2017 WL 2212977, at *7 (M.D. Tenn. May 19, 2017) (approving notice to potential class members comprised of home healthcare workers by regular mail, email, and posting in defendant's office locations); Arnold v. Acappella, LLC, No. CV BPG-15-3001, 2016 WL 5454541, at *4-5 (D. Md. Sept. 29, 2016) (approving notice by regular mail, email, and posting in the defendant's restaurant). However, courts are divided as to whether reminder notices to putative class members are appropriate in FLSA actions. Compare Walters v. Buffets, Inc., No. 6:13-CV-02995-JMC, 2016 WL 4203851, at *1 (D.S.C. Mar. 1, 2016) (approving the issuance of a reminder postcard, finding such notice consistent with "the FLSA's intentions to inform as many plaintiffs as possible of their right to opt into a collective action like the one here"), with Byard, 287 F.R.D. at 373 (finding a reminder

notice to be "unnecessary and potentially improper," noting that "numerous district courts around the country have found that reminder notices have a tendency to both stir up litigation and inappropriately encourage putative plaintiffs to join the suit" (citations and internal quotations omitted)).

"[C]ourts also have broad discretion regarding the details of the notice sent to potential opt-in plaintiffs." Hollis, 2017 WL 3327591, at *4 (quoting Beasley, 2016 WL 5468255, at *6); Lee, 236 F.R.D. at 202 ("[T]he Supreme Court has noted that the 'details' of notice should be left to the broad discretion of the trial court.") "The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide 'accurate and timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate.'" Butler v. DirectSAT USA, LLC, 876 F. Supp. 2d 560, 574–75 (D. Md. 2012) (quoting Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011)). "At the initial certification stage, including when crafting an appropriate notice to be sent, 'trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action.'" Colozzi, 595 F. Supp. 2d at 210 (quoting Hoffmann-La Roche, 493 U.S. at 174).

With regard to the type of notice, the court finds that Clark's request for notice by regular mail, email, and posting in

a prominent location in the employer's offices are not unduly burdensome and are appropriate to further the remedial purpose of the FLSA by providing notice to collective members. See Evans, 2017 WL 2212977, at *7; Arnold, 2016 WL 5454541, at *4-5. With regard to the proposed reminder notices, Clark has raised legitimate concerns regarding the ability to reach potential class members who may be often engaged in care assignments away from their homes. (Doc. 16-1 at 16-17.) Given that Williamson has not raised any specific objection to this type of notice, the court grants Clark's request to send reminder postcards. See Walters, 2016 WL 4203851, at *1. The court denies the request to make scripted reminder calls to collective members who have not responded to the initial notice on the grounds that such calls are cumulative and have the risk of pressuring would-be plaintiffs to act. See Byard, 287 F.R.D. at 373; cf. Jones v. Cretic Energy Servs., LLC, 149 F. Supp. 3d 761, 776-77 (S.D. Tex. 2015) (finding that reminder notices via mail, email, and telephone calls was proper, where potential class members worked in remote locations far from their homes for extended periods of time).

As to the contents of the proposed notice, the court has considered language and contents of Clark's proposed notices and finds them acceptable. The court finds that Williamson has waived any potential objection to the contents of the notice by failing to address this issue in its brief. Cf. Landress v. Tier One Solar

22

LLC, 243 F. Supp. 3d 633, 639 n.7 (M.D.N.C. 2017) (noting that where a party fails to develop an issue in its brief, courts have deemed the issue waived (citing Belk, Inc. v. Meyer Corp., U.S., 679 F.3d 146, 152 n.4 (4th Cir. 2012))).  However, the court will require the notices to state the following additional disclosures:

> If you join the lawsuit, Plaintiff's counsel will represent you unless you decide to hire your own attorney at your own expense.  While the suit is proceeding, you may be required to provide information, sit for depositions, and testify in court.

See Byard, 287 F.R.D. at 374 ("Courts 'routinely accept[ ]' text notifying potential plaintiffs 'of the possibility that they will be required to participate in discovery and testify at trial.'" (quoting Whitehorn, 767 F. Supp. 2d at 450); Rosinbaum, 238 F. Supp. 3d at 747 (approving modification to proposed notice, stating "[i]f you join the lawsuit, Plaintiffs' counsel will represent you unless you decide to hire your own attorney at your own expense").  The court also approves Clark's request to have the proposed notices translated into Spanish for those putative class members with a Hispanic surname.  See Valerio, 314 F.R.D. at 76 ("Generally, courts permit notice to be translated into the mother tongue of non-English speaking groups of potential plaintiffs." (internal quotations and citation omitted)).

Clark requests that the court set a 60-day opt-in period from the date of the mailing of the notice.  (Doc. 16-1 at 20.) Williamson has not addressed this particular request.  The court

finds that a 60-day notice period is appropriate. See Byard, 287 F.R.D. at 373 (approving 60-day opt-in period, noting "courts in this circuit routinely find that an opt-in period between 30-60 days is appropriate"); Valerio, 314 F.R.D. at 76 ("[A] 60-day notice period for potential plaintiffs is common practice under the FLSA." (citation omitted)). The notices shall reflect that opt-ins have 60 days to return the consent form to counsel.

**III. CONCLUSION**

Based on these findings,

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for conditional certification (Doc. 16) is GRANTED as to the FLSA collective, defined as:

> All current and former home healthcare workers (personal care aides, certified nursing assistants and in-home aides) who worked for LaShonda Swindell Williamson d/b/a Impact Home Care Services at any time since January 1, 2015 and who were classified as an independent contractor and who were not paid time and a half for all hours worked over 40 in a work week.

2. Plaintiff's proposed notices, as modified in accordance with this memorandum opinion and order, are APPROVED (Docs. 16-12, 16-13, 16-14), and the opt-in period shall extend to sixty (60) days from the date the notice is mailed to putative class members.

3. Plaintiff's counsel is authorized to send the approved notice by first-class U.S. mail to the last known address of each

putative plaintiff within fourteen (14) days of the entry of this order;

4.     Plaintiff's counsel is authorized to send an electronic copy of the approved notice to each putative plaintiff's personal email address (for former employees) and work email address (for current employees) within fourteen (14) days of the entry of this order;

5.     Plaintiff's counsel is authorized to re-mail notices/postcards that are returned as undeliverable for those individuals for whom counsel can find better addresses;

6.     Plaintiff's counsel is permitted to call any individual whose notice is returned as undeliverable for the limited purpose of obtaining a current address for re-mailing notice;

7.     Plaintiff's counsel is permitted to send by first-class U.S. mail, the reminder postcard, in the form approved by the court, to potential opt-in plaintiffs who have not returned their Consent Form, thirty (30) days before the expiration of the opt-in period;

8.     Defendant shall post the approved notice in a conspicuous place in her offices within fourteen (14) days of entry of the order; and

9.     Defendant shall provide Plaintiff's counsel, in electronically readable/importable form, the names, addresses, email addresses, and any employee number or unique identifier of

all collective members within seven (7) days of the entry of this order.  Defendant shall to provide, within seven (7) days of the request by Plaintiff's counsel and in electronically readable/importable form, the dates of birth, telephone numbers, and the last four digits of the social security number of any individual whose mailing notice is returned as undeliverable.  This information shall only be disseminated among Plaintiff's counsel and Plaintiff's counsel may use this information only in connection with this litigation as permitted in this memorandum opinion and order.

/s/   Thomas D. Schroeder<br>
United States District Judge

March 30, 2018